RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 5-12-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON PLASTERERS AND CEMENT MASONS LOCAL 534 ANNUITY FUND, PENSION FUND AND HEALTH & WELFARE FUND<br><br>Plaintiffs<br><br>v.<br><br>C.W. HILL CONCRETE FLOORS, LLC<br><br>Defendant | )<br>)<br>)<br>)<br>) C. A. NO.<br>)<br>)<br>)<br>) 04cv10952 RGS<br>)<br>)<br>MAGISTRATE JUDGE Collings |

**COMPLAINT**

1. This is an action under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), particularly 29 U.S.C. Sections 1132(a)(3)(B)(ii), (d)(1) and (f), Section 1145, and Section 301 et seq, of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. Section 185 et seq, to compel C.W. Hill Concrete Floors, LLC to make delinquent payments to the Plaintiff Trustees.

2. Jurisdiction is conferred on the Court by 29 U.S.C. Sections 1132(e)(1) and (f) and 29 U.S.C. Sections 185(a),(b) and (c) neither of which is dependent on the amount in controversy or diversity of citizenship.

3. Venue lies in this district pursuant to 29 U.S.C. Section 1132(e)(2) and U.S.C. Section 185(c).

4. Boston Plasterers and Cement Masons Local 534 Pension Fund (hereinafter referred to as the "Pension Fund") is a trust fund established in accordance with the provisions of 29 U.S.C. Section 186(c) having a place of business in Boston, Massachusetts and is an "employee pension benefit plan" as defined by 29 U.S.C. Section 1002(2) and is governed by Plaintiff Trustees.

5. Boston Plasterers and Cement Masons Local 534 Annuity Fund (hereinafter referred to as the "Annuity Fund") is a trust fund established in accordance with the provisions of 29 U.S.C. Section 186(c) having a place of business in Boston, Massachusetts and is an "employee pension benefit plan" as defined by 29 U.S.C. Section 1002(2) and is governed by Plaintiff Trustees.

6. Boston Plasterers and Cement Masons Local 534 Health & Welfare Fund (hereinafter referred to as the "Health & Welfare Fund") is a trust fund established in accordance with the provisions of 29 U.S.C. Section 186(c) having a place of business in Boston, Massachusetts and is an "employee welfare benefit plan" as defined by 29 U.S.C. Section 1002(1) and is governed by Plaintiff Trustees.

7. C.W. Hill Concrete Floors (the "Employer") is a corporation incorporated and existing under the laws of the State of New Hampshire, and having a place of business in Manchester, New Hampshire.

8. The Employer is engaged in an industry affecting commerce as defined in ERISA, 29 U.S.C. Sections 1002(5), (11) and (12), and as defined in LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

9. Boston Plasterers and Cement Masons Local 534 (hereinafter referred to as the"Union") is a labor organization as defined by 29 U.S.C., Section 152(5)

10. C&S Concrete Floors, Inc. was a party to a collective bargaining agreement with the Union at all times material herein.

11. The said agreement provided, inter alia, that the C&S Concrete Floors would contribute certain sums to the Annuity Fund, Pension Fund and Health & Welfare Fund (collectively the "Funds") for each hour worked by employees subject to the agreement.

12. The aforesaid agreement further provides that in the event that C&S Concrete Floors fails to make its required contributions in a timely fashion the Employer was further obligated to the trust funds, in addition to the amounts owed, for interest from the date when the payment was due, liquidated damages and for all costs and reasonable attorney's fees expended by the Plaintiff Trustees in having to collect the delinquent contributions.

13. The Employer, C.W. Hill Concrete Floors, is a successor company to C&S Concrete Floors, operating out of the same location with the same principal and supervision as C&S Concrete Floors.

14. Articles XXIII and XXV of the collective bargaining agreement, federal labor law and ERISA bind successors to the terms and conditions of the predecessor company's collective bargaining agreement, and in particular its obligation to make contributions to the trust funds.

15. As a successor to C&S Concrete Floors, Inc., the Employer is obligated to the plaintiffs for the $6,000 in contributions, plus interests and liquidated damages, for hours worked by its cement mason employees at the Conant Village Project in Danvers, Massachusetts.

WHEREFORE, the Plaintiffs demand judgment against the Defendant C. W. Hill Concrete Floors as follows: