UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Trustees of Boston Plasterers
V.
C.W. Hill Concrete Floors, LLC

Civil Action Number 04-10952-RGS

DEFENDANT'S MOTION TO DISMISS OR IN THE
ALTERNATIVE FOR SUMMARY JUDGMENT

**NOW COMES THE DEFENDANT, C.W. Hill Concrete Floors, LLC,** in the above-captioned matter, by and through his attorneys, Forman, Corcoran, Torr, Grodt, & Gerrin, P.A. and respectfully requests that this Court dismiss the above entitled action with prejudice and, in support thereof, states as follows:

1. On May 12, 2004, this action was filed by the Plaintiff and served upon the defendant.

2. The complaint is based upon the premise that C&S Concrete Floors, Inc. is a party to a union collective bargaining agreement, see the complaint paragraph 10.

3. The signature page of the collective bargaining agreement shows that the actual party to the contract was S&C Concrete Co., Inc. and not C&S Concrete Floors, Inc. See signature page attached hereto as Exhibit A.

4. C&S Concrete Floors, Inc., is a Wyoming corporation and was formed with the express purpose of being a non-union company, and therefore has never signed a union collective bargaining agreement. See affidavit of Chris Hill, attached hereto as Exhibit B.

5. Therefore, the allegations alleged in the complaint fail to state a claim on which relief can be granted.

6. Even if the correct corporate entity, S&C Concrete Co., Inc., had been named, C.W. Hill Concrete Floors, LLC, by law, is not a successor corporation to S&C Concrete Co., Inc., and thereby cannot be bound by the "evergreen clause" in the union

collective bargaining agreement. See the attached Memorandum in Support of this motion

7. S&C Concrete Co., Inc. was a Massachusetts corporation that entered into a collective bargaining agreement with the Plaintiff on May 2, 1994.

8. S&C Concrete Co., Inc. shares were jointly owned by Steven Hill and Chris Hill. Steven Hill was the President and Chris Hill was the Vice-President of S&C Concrete Co., Inc. and the corporation had a physical location of 47 Old Nashua Rd., Londonderry, New Hampshire.

9. Steven Hill became ill in mid-1999 and subsequently died in mid 2001.

10. Shortly after Steve Hill's death, the IRS seized the equipment and assets of S&C Concrete Co., Inc. in payment for back taxes owed by S&C Concrete Co., Inc.

11. At around the time that the IRS seized the assets and equipment of S&C Concrete Co., Inc., the S&C Concrete Co., Inc. was dissolved.

12. C.W. Hill Concrete Floors, LLC was formed as New Hampshire Limited Liability Company, having a single member/manager, Diane Hill, who owns all the membership interest in the LLC and who is responsible for managing the business operations thereof. C.W. Hill Concrete Floors LLC has a physical location of 144 Brown Rd, Candia, New Hampshire.

13. Chris Hill and C.W. Hill Concrete Floors entered into an agreement with the IRS to purchase the equipment seized from S&C Concrete Co., Inc. from the IRS, for $20,000.00 cash down payment and monthly payments of $1035. In addition, other creditors were negotiated with and payment plans entered into for these creditors as well. Thus there was no attempt to evade the debts of S&C Concrete Co., Inc.

14. Chris Hill sold his house at West Rd, Londonderry, NH and used money from this sale and other personal assets to satisfy the cash down payment on the equipment purchased from the IRS and for monies paid to other creditors as well.

15. Chris Hill is a W-2 employee of C.W. Hill Concrete Floors, LLC and is responsible for supervising and managing the concrete work at the various job sites.

16.   C.W. Hill Concrete Floors, LLC is a non-union company that employs only non-union laborers and works, with one exception, only for non-union contractors/builders and on non-union or open job sites. C.W. Hill Concrete Floors, LLC has never entered into a collective bargaining agreement with any union, including the Plaintiff.

17.   C.W, Hill Concrete Floors, LLC has been granted a waiver by the plaintiff union to work on a single union job the BeeBe School in Malden, Massachusetts and C.W. Hill LLC paid the Plaintiff Union $16,500.00 for the waiver to work this job.

17.   With the one exception noted above, C.W. Hill Concrete Floors, LLC does not provide its services to the same contractors and/or , builders as S&C Concrete Co., Inc., due to C.W. Hill Concrete Floors, LLC being a non-union shop.

18.   Therefore, there is no substantial identity of management, ownership, shareholders, stock, physical location, equipment, capital, customers, employees/personnel, or assets between S&C Concrete Co., Inc, and C.W. Hill Concrete Floors, LLC and in addition, there has been no allegation of fraud on behalf of C.W. Hill Concrete Floors, LLC.

19.   Therefore, by law, C.W. Hill Concrete Floors, LLC is not a successor corporation to S&C Concrete Co., Inc., and is not bound by the evergreen clause in the collective bargaining agreement signed by Steven Hill as President of S&C Concrete Co., Inc., with the Plaintiff union.

WHEREFORE, the Respondents request that the Court grant the following relief:

A.  Dismiss this action with prejudice.

B.  In the event that the Court requires further argument, schedule an expedited hearing on this matter.

C.  For other such relief as is just and proper.

C.W. Hill Concrete Floors, LLC<br>
By their attorneys,<br>
FORMAN, CORCORAN, GRODT<br>
& GERRIN, P.A.

Date: 9/3/2005         By: _____

Thomas P. Grodt, BBO # 634918
74 Gilcreast Road
P.O. Box 1330
Londonderry, NH 03053
(603) 434-9500

4

# EXHIBIT A

## AGREEMENT

We/I the undersigned representing the                                MAY 2 1994

do hereby agree to abide by the terms and conditions set forth in the Collective Bargaining Agreement made by and between the Associated General Contractors of Massachusetts, Inc., the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. and the Boston Cement Masons and Asphalt Layers Union Local No. 534 of the Operative Plasterers and Cement Masons International Association of United States and Canada.

A copy of the above Agreement entered into on August 20, 1992, effective as of September 1, 1992 is furnished herewith, receipt of which is hereby acknowledged.

The Employer agrees that with respect to the Employment of Cement Masons in the jurisdiction of the Boston Cement Masons Local No. 534, it will obtain such employees through the Boston Cement Masons Local No. 534 and the terms and condition of employment for such Cement Masons will be those contained in the area Agreement between the Union and Employer.

The Employer will remit to the Employee Benefit Plans the prevailing contributions. The Union will submit to the Employer a copy of the Agreement setting forth the prevailing terms and conditions for Cement Masons.

The life of the signed Agreement is to be co-existent with the terms and conditions set out in the aforementioned Collective Bargaining Agreement or as they shall be set out from time to time in any extension, modifications or renewals of said Agreement. Any termination of this Agreement shall only be in accordance with the terms of the aforesaid Collective Bargaining Agreement as set forth in Article XXII. However, if the parties fail to terminate this agreement in accordance with the provisions of Article XXII, the life of this signed Agreement shall be co-extensive with the terms and conditions of the successors to the Collective Bargaining Agreement, and can only be terminated in accordance with the terms and conditions of that successor agreement.

Executed this . . . . . . . . . day of . *May 2,* . . . . . . . . . . . 19 *94*

X *S+C Concrete Co. Inc.*                      *Carmen Barrasso*
Employer: I personally warrant           Carmen R. Barrasso, Business
that I have the authority to             Manager, Boston Cement
execute this Agreement in behalf         Masons and Asphalt Layers
of said Employer                         Local No. 534

By: _____

Title: _____

Contractors License No. _____

Address _____

_____

Telephone _____

**Employer's Copy: Please Retain**

Expires 8/31/95                          -27-                    Boston Cement Masons

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Trustees of Boston Plasterers
V.
C.W. Hill Concrete Floors, LLC

Civil Action Number 04-10952-RGS

AFFIDAVIT OF CHRIS HILL IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS

I, Chris Hill, being duly sworn, do hereby depose and state as follows:

1.  S & C Concrete Co., Inc. ("S & C") was a Massachusetts corporation in which I was a share holder and my brother Steve Hill was the President. S & C operated from an address of 47 Old Nashua Rd., Londonderry, New Hampshire.

2.  S & C through Steve Hill as President, signed an agreement with the Plaintiff's union and primarily performed work on union and prevailing wage jobs in Massachusetts.

3.  During this period of time, Steve Hill and I formed C&S Concrete Co., Inc., ("C&S") a Wyoming corporation. All of the work performed by C& was performed only on non-union jobs.

3.  Steve Hill became ill in mid-1999 and subsequently died in mid-2001.

4.  S & C continued to operate during Steve Hill's illness; however, finances became difficult and taxes amounting to $90,000.00 were not paid to the IRS.

5.  Shortly after Steve Hill's death, the IRS seized all equipment and assets of S & C as payment toward the back taxes owed by S & C.

6.  Immediately after the seizure, both S & C and C&S were dissolved and the businesses were wound down. There were various creditors that were dealt with either with agreements entered into to pay the various creditors over time or to pay a portion of any debt as a final satisfaction of the debt. Due to the back taxes owed the IRS, the IRS seized all of the equipment and assets of S & C.

7.  In 2001, I formed C. W Hill Concrete Floors, LLC ("C.W. Hill") as a new business entity in which Diane Hill is the manager and sole member and of which I am an employee and I receive yearly W-2 statements from C.W. Hill.

8.  I negotiated with the IRS to resolve the back taxes issue of S & C and agreed to purchase the equipment formerly belonging to S & C from the IRS for $90,000.00 in a deal that provided for $20,000.00 to be paid as a cash down payment, and $1035.00 per month until the back tax bill is paid off.

9.  I sold my house on 32 West Rd, Londonderry, NH and used personal assets from the sale as the cash down payment to purchase the equipment from the IRS. All of the equipment was titled in the name of C. W. Hill Concrete Floors, LLC.

10. C. W. Hill is operated from 144 Brown Rd, Candia, New Hampshire.

11. C. W. Hill, except for one instance, has only worked and continues to only work on non-union open site jobs.

12. In one instance, C. W. Hill applied to the Plaintiff union for a waiver to work on a union job at _Beebee School, Malden, MA_ and was granted a waiver by the union. For this job, C. W. Hill paid the Plaintiff union $16,500. This amount has been paid and there is no claim by the union that any money on this amount is still due.

13. The Conant Village Project was a non-union job, operated by a non-union contractor and was an open job in which there were no union employees working on the job or on the job site.

CHRIS HILL

Dated: February 23, 2005

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

On this the day of February 23, 2005, personally appeared the above-named Chris Hill and made oath that the facts contained in the Affidavit in Support of the Respondent's Motion to Dismiss are true to the best of his knowledge and belief.

Before me: _____
Justice of the Peace/~~Notary Public~~