## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Trustees of Boston Plasterers**
**V.**
**C.W. Hill Concrete Floors, LLC**

**Civil Action Number 04-10952-RGS**

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

### FACTS

Chris Hill is an employee of C.W. Hill Concrete Floors, LLC, ("C.W. Hill") a New Hampshire limited liability company formed in 2001 that includes only a single manager/member, Diane Hill. At all times pertinent to this lawsuit, Chris Hill is and remains a W-2 employee of C.W. Hill. But for a single exception, which will be explained in more detail below, C.W. Hill works only on non-union open-job sites for non-union general contractors and builders.

Prior to being employed by C.W. Hill, Chris Hill ("Chris") and his brother, Steven Hill ("Steve"), formed two corporations: S&C Concrete Co., Inc. ("S&C) and C&S Concrete Co., Inc. ("C&S"). S&C was incorporated in Massachusetts with Steve as President and had a place of business at 47 Old Nashua Rd., Londonderry, New Hampshire. S&C had signed a contract with the plaintiff union and worked only on union jobs or prevailing wage jobs using only union labor. C&S was incorporated in Wyoming with Chris as President and had a place of business at 47 Old Nashua Rd., Londonderry, New Hampshire. C&S worked only on non-union jobs at open job sites using only non-union labor.

Steve became ill in mid-1999 and subsequently died in mid 2001. During this time period S&C continued to operate working on union and prevailing wage jobs using only union labor. However, financial difficulties due to Steve's illness occurred and S&C failed to pay the necessary taxes to the IRS. In mid 2001, Steve died due to his illness and S&C and C&S were dissolved. All of the creditors were paid or entered into

payment plans that Chris accepted personal liability for, except for the IRS that seized all of the assets and equipment that belonged to S&C.    At this time, the amount of back taxes, interest, and penalties owed to the IRS amounted to approximately $90,000.00

At the time that S&C was dissolved, Diane Hill formed C.W. Hill with Chris as an employee and Chris entered into negotiations with the IRS to personally buy back the equipment seized by the IRS. Chris and C.W. Hill entered into an agreement whereby they could purchase the equipment for $20,000.00 cash down payment and monthly payments of approximately $1035.00. All of the equipment purchased from the IRS was titled in C.W. Hill Concrete Floors, LLC.

To finance the IRS settlement Chris sold his home located at 32 West Rd, Londonderry, NH and used personal assets from the sale of his home as the cash down payment to purchase the equipment from the IRS and also to pay other creditors as well. Chris bought a new home and C.W. Hill is now operated by Diane Hill from his home at 144 Brown Rd, Candia, New Hampshire.

As mentioned above, except for a single instance, C.W. Hill does not work on union or prevailing wage jobs and is not a member of the Plaintiff Union and is not a signatory of any contract with the Plaintiff Union. On one occasion, C.W. Hill applied for a waiver, as a non-union company, to the Plaintiff Union and received permission to work on a union job. The application for a waiver, and the approval by the union, was needed to ensure that the Plaintiff Union received the equivalent of union dues from a non-union company that worked on union job. The Plaintiff Union acknowledged at this time that C.W. Hill was not a union company and granted C.W. Hill a wavier for the job. This job was at the BeeBe School in Malden, Massachusetts and for the privilege of working on this job, C.W. Hill paid the Plaintiff Union $16,500.00, all of which has been paid to the union in full and is not in dispute.

This action followed an allegation that C.W. Hill worked on a union job site at Conant Village (the "Conant Village Project"). However, the Conant Village Project was in fact a non-union open job site; run by a non-union contractor and builder. The Plaintiffs allege that C.W. Hill is a successor to S&C and that the evergreen clause in the contract between the union and S&C binds C.W. Hill to the union.

2

## **ARGUMENT**

It is undisputed that CW Hill Concrete Floors, LLC is not a signatory to any contract with the Plaintiff Union. This case, then, is entirely based on whether C.W. Hill Concrete Floors, LLC is, as a matter of law, a successor corporation to S&C Concrete Company, Inc. ("S&C") with regard to the contract signed by S&C with the Plaintiff Union and in particular to the evergreen clause in the union contract between the Plaintiff Union and S&C as signed by Steve Hill. Thus, there are no material facts in dispute and therefore this case is ripe for summary judgment.

An important aspect of corporate law in general is that of limited liability and the presumption of corporate separateness. Under Massachusetts common law, disregarding a corporate form is a rare occurrence. See United Electrical Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1091 (1st Cir. 1992). However, the First Circuit has ruled that federal courts should apply a federal common law standard of corporate separateness in disputes involving worker's claims to ERISA benefits. Id. at 1092. Thus, the federal standard for disregarding the corporate form in an ERISA related dispute includes a three element test: "(1) whether the parent and subsidiary ignored the independence of their separate operations, (2) whether some fraudulent intent existed on the principal's part, and (3) whether a substantial injustice would be visited on the proponents of the veil piercing should the court validate the corporate shield." Id. at 1093

The first element of the United Electrical Workers test, is whether the parent and subsidiary ignored the independence of their separate operations. In this case, because S&C was dissolved and C.W. Hill Concrete Floors, LLC was formed after the dissolution of S&C, there is no parent-subsidiary relationship between the two business entities. The question becomes whether C.W.Hill Concrete Floors, LLC is, as a matter of law, an alter-ego of S&C and therefore bound by the contract between S&C and the Plaintiff Union. In Langone v C. Walsh, Inc., 864 F.Supp 233 (D.Mass 1994) the court examined several factors to determine whether one corporation was an alter ego of another. In order to find that one corporation was an alter ego of a second corporation, the court held in Langone that there needed to be a substantial identity of (1) management, (2) business purpose, (3)

3

operation, (4) equipment, (4) customers, (5) supervision, and (6) ownership. Langone, at 236.

In this case, the management of two entities is entirely different. S&C consisted of Steve Hill as President and Chris Hill as Vice-President, both of whom owned all of the outstanding stock in the company. In contrast, the management of C. W. Hill Concrete Floors, LLC is vested in Diane Hill, who is also the only member of C.W. Hill Concrete Floors, LLC and therefore owns all of the outstanding membership interest in the limited liability company. Chris Hill is a W-2 employee of C.W. Hill Concrete Floors, LLC and is not involved in managing the corporation. In addition, Chris Hill does not own or have any membership interest in the limited liability company.

Although Chris Hill supervises concrete work that is performed by other employees of C. W. Hill Concrete Floors, LLC; he is not a manager of the corporation with respect to the business decisions that are made. In the Langone case the term "management" is reserved for the senior managers of the corporation that make the business management decisions of the company e.g.: the CEO, president, vice-president, CFO, senior accountant and the like. Because C.W. Hill Concrete Floors, LLC is run by Diane Hill as the manager who makes the business decisions and not be Chris Hill who supervises the actual work performed, there is not a substantial identity of management and principals between C.W. Hill Concrete Floors, LLC and S&C.

The business purpose of the two entities is also distinct and different. Although S&C and C.W. Hill Concrete Floors, LLC both provide concrete work on construction sites; S&C worked solely on union and prevailing wage jobs while C.W Hill Concrete Floors, LLC worked almost exclusively on non-union open-source jobs. It should not come as a surprise that both companies provided concrete construction services since this is Chris Hill's area of expertise; it is the nature of the work, i.e., union versus non-union work that is the important distinction between the business purposes of the two business entities.

The operation and supervision of the work of the two entities is similar only because the work performed by the two entities is so similar. S&C and C.W. Hill Concrete Floors, LLC both produce concrete floors and because Chris Hill is an

4

employee of C.W. Hill Concrete Floors, LLC and supervises the work just as he had done while associated with S&C the operation and supervision of the work must be similar.

An important consideration in the alter ego analysis is the equipment used by the two or more corporate entities. Although the equipment used by both S&C and C.W. Hill Concrete Floors, LLC is the same physical equipment in terms of serial numbers, etc., the equipment has not passed directly between S&C C. W. Hill Concrete Floors, LLC. When the title of the equipment is examined it is clear that the S&C equipment had been seized by the IRS in satisfaction of back taxes owed by S&C. The IRS held title to the equipment such that the equipment was now owned by the IRS. Chris Hill, negotiated a settlement of the back taxes owed to the IRS in order purchase this equipment for use by C. W. Hill Concrete Floors, LLC. Chris Hill used his personal assets and the assets he received from the sale of his home to purchase this equipment from the IRS. Thus, although the equipment is the same, i.e., it will have the same serial numbers as the S&C equipment, the equipment was not obtained from S&C in any sort of a sham transaction. Rather, the equipment was obtained from the IRS, as the new owner of the equipment, and therefore the transfer of title was for real consideration and was not part of any reorganization or reformation of S&C nor of any spin-off from S&C..

In contrast, in Langone, the equipment of the first corporation, CWI, was leased directly to the second corporate entity, WWI, and the lease was not paid to CWI, but rather to the original leasor, Mack Truck Leasing. This is important because the C.W. Hill Concrete Floors, LLC equipment was purchased from the IRS for full value in accord of the back taxes owed to the IRS and was not from S&C. Therefore, there is no substantial identity of equipment between S&C and .W. Hill Concrete Floors, LLC.

The customers of the two entities are also different. S&C were union contractors, union jobs, prevailing wage jobs, and other union centered construction. In contrast, except for one exception noted above, the customers of C.W. Hill Concrete Floors, LLC are entirely non-union contractors, non-union job sites, and open job sites. In addition, .W. Hill Concrete Floors, LLC does not work on any prevailing wage work. Accordingly, the customers of the two entities are separate and distinct and there is no substantial identity of customers between S&C and .W. Hill Concrete Floors, LLC. .

5

The ownership of the two entities are also entirely different. S&C was entirely vested in Steve Hill and Chris Hill. In the case of C.W. Hill Concrete Floors, LLC, Diane Hill is the only member of the LLC, and thus the sole owner of the LLC as well. Therefore, there is no substantial identity of ownership between S&C and .W. Hill Concrete Floors, LLC.

In addition, the capital of the two entities is entirely distinct and different. The IRS took all of the assets of S& in the form of the equipment. Chris Hill and C.W. Hill Concrete Floors, LLC negotiated with the IRS and other creditors for terms and conditions of payment schedules and Chris Hill then sold his home and used the money from his house sale and his other personal assets to purchase the equipment from the IRS, to pay the various S&C creditors, and to provide C.W. Hill Concrete Floors, LLC with working capital. Thus there is no substantial identity of capital between S&C and .W. Hill Concrete Floors, LLC. Moreover, the physical location of S&C was at 47 Old Nashua Rd., Londonderry, New Hampshire, while the physical location of C.W. Hill Concrete Floors, LLC is 144 Brown Rd, Candia, New Hampshire. Thus, there is no substantial identity of the physical location of S&C and .W. Hill Concrete Floors, LLC. Accordingly, as a matter of law, C. W. Hill Concrete Floors, LLC is not an alter ego of S&C and is further not a subsidiary of S&C. Therefore as a matter of law under the first United Electrical Workers element, there could not be any merging or lack of independence between S&C and C. W. Hill Concrete Floors, LLC.

The second United Electrical Workers element of is that there must be some fraudulent intent on the principal's part. As a prerequisite in an ERISA matter, "[S]ome cognizable showing that the parent corporation maintained the subsidiary to avoid its statutory responsibilities, acted in a blame worthy manner, or so undercapitalized the subsidiary that he latter could not reasonably have been expected to meets its obligations." United Electrical Workers 960 F.2d at 1093.

In the present case, there has been no allegation that C.W. Hill Concrete Floors, LLC was formed with any fraudulent intent. As S&C was dissolved, Chris Hill used his personal assets and the assets from the sale of his home to provide the money necessary to pay the debts of S&C. Mr. Hill has continued over time to pay the debts of S&C to the IRS and other creditors. In forming C.W. Hill Concrete Floors, LLC, there has been no

6

effort to limit or evade the corporate obligations of S&C. All the debts of S&C have been or are being paid and there was never any effort made by S&C to avoid paying the union any money due during the existence of S&C that may have been evaded by the formation of C.W. Hill Concrete Floors, LLC. Accordingly, C. W. Hill Concrete Floors, LLC, has not attempted to avoid its statutory responsibilities; nor acted in a blame worthy manner; nor is C. W. Hill Concrete Floors, LLC so undercapitalized that it has been unable to meets its obligations.

Finally, the third United Electrical Workers test is whether a substantial injustice would be visited on the proponents of the veil piercing should the court validate the corporate shield. In this case, there would be no substantial injustice on the Plaintiff Union should the corporate shield be validated. In the one instance of C.W. Hill Concrete Floors, LLC working on a union job, the Plaintiff union granted a waiver to C.W. Hill Concrete Floors, LLC as a non-union company and allowed it to work on a union job site. Thus, the Plaintiff union has already acknowledged at least once that C.W. Hill Concrete Floors, LLC is a non-union shop.

Accordingly, for the reasons stated above, i.e., that C.W. Hill Concrete Floors, LLC is not a successor corporation to S&C Concrete Company, Inc.; that there has been no allegation of fraudulent intent on the part of S&C Concrete Company, Inc or C.W. Hill Concrete Floors, LLC; and that there will be no injustice done on the Plaintiff union if the corporate form of C.W. Hill Concrete Floors, LLC is upheld, the Defendant requests that this action be dismissed with prejudice..

Accordingly, the Defendant C. W. Hill Concrete Floors, LLC asserts that this court should find as a matter of law that the two corporate entities S&C Concrete Floors, Inc., and C. W. Hill Concrete Floors, LLC are separate and distinct and that C. W. Hill Concrete Floors, LLC is neither a subsidiary of nor an alter-ego of S&C Concrete Floors, Inc. Accordingly, C.W. Hill Concrete Floors asserts that there is no material fact in dispute and that it is due judgment as a matter of law, and that therefore its motion for summary judgment should be granted.

**C.W. Hill Concrete Floors, LLC**
**By their attorneys,**
**FORMAN, CORCORAN, TORR,**
**GRODT & GERRIN, P.A.**

Date:_____

By:_____
    Thomas P. Grodt, BBO # 634918
    74 Gilcreast Road
    P.O. Box 1330
    Londonderry, NH 03053
    (603) 434-9500

8

## CERTIFICATE OF SERVICE

I hereby certify that on this, the $\underline{\vee}$ th day of September 2005, I mailed a copy of the within Memorandum of Law to Aaron D. Krakow, at Krakow, Souris, & Birmingham 225 Friend Street, Boston, MA 02114.

Thomas P. Grodt, BBO # 634918